Hillsborough, }
Dec. 3, 1912. }

### SMITH *v.* MOONEY.

Evidence that a minor, while living with and supported by her father, recognized a bill for medical services as a proper charge against her warrants the finding that she personally contracted for its payment, and when supplemented by proof of ratification after becoming of age is sufficient to support a verdict against her in an action of assumpsit.

ASSUMPSIT, for medical services rendered to the defendant while she was a minor living with her father and supported by him. Trial by jury and verdict for the plaintiff. At the close of the evidence the defendant's motion that a verdict be directed in her favor was denied, subject to exception. After the verdict the court, upon the defendant's motion, ruled as a matter of law that the evidence was insufficient to support it, and the plaintiff excepted.

Transferred from the January term, 1912, of the superior court by *Chamberlin*, J.

*George F. Jackson* and *Branch & Branch* (*Frederick W. Branch* orally), for the plaintiff.

*Doyle & Lucier* (*Mr. Lucier* orally), for the defendant.

WALKER, J. The plaintiff's position is that it was competent for the jury to find that at the time the services were rendered there was a voidable contract by the defendant to pay the plaintiff for them, which the defendant after becoming of age ratified. There is no evidence in the record that when the services were rendered the defendant had been emancipated, that she was supporting herself, or that she had any means of support aside from her dependence upon her father, with whom she lived as a member of his family. All the evidence shows that her father was performing his parental duty of furnishing her with a home and such necessaries as her condition in life required. Nor is there any direct evidence that she expressly agreed to pay for the services at the time they were rendered. As there was no express promise by any one to pay him for his services, which were beneficial to the defendant, it could be found from the circumstances connected with his attendance upon her that her father was the promisor.

Although these facts alone might be insufficient to sustain a finding of her liability, there was evidence that after the rendition of the services by the plaintiff and during her minority she told the plaintiff that she wanted him paid therefor and recognized the bill as a proper charge against her. This evidence authorizes the inference that she understood when the services were rendered that she employed the plaintiff, who had the same understanding. It follows that the jury would be warranted in finding that, so far as she had the capacity to do so, she personally contracted with the plaintiff. Whether in the absence of other evidence she would be liable upon the contract thus made, in view of her infancy and her situation in her father's family, it is unnecessary to decide, since there was other evidence authorizing the further inference that after becoming of age she ratified her voidable contract with the plaintiff. The ruling of the court that the evidence did not, as a matter of law, support the verdict was erroneous.

*Exception sustained.*

All concurred.